UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ, JR.,

   Plaintiff,

   v.                                           CAUSE NO. 3:25-CV-054 DRL-SJF

TAYLOR ANN SWIFT,

   Defendant.

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, initiated this case by filing a complaint. ECF 1.[1] Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

---

[1] He did not file a motion for leave to proceed *in forma pauperis* or pay the filing fee. However, in his complaint he states, "Mr. Lopez request[s] the court grant indigent status and to waive filing fees." ECF 1 at 1.

> irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotations and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Here, Mr. Lopez alleges Taylor Swift has "fail[ed] to preserve her fertility" via "cryogenic egg preservation." ECF 1 at 1. He claims that "attention and jealousy [have] overcome her purpose in life." *Id*. Mr. Lopez believes Ms. Swift's style of singing about "breakups and negative relationships" promotes a "never ending cycle of unfaithfulness to young adults." *Id*. He describes Ms. Swift's actions as immature and careless, and he insists her "negative feedback of lies" undermines a "solid foundation of faith" in America. *Id*. He seeks one billion in compensatory damages and ten billion in punitive damages, plus an order directing Ms. Swift to cryogenically preserve her eggs.

Mr. Lopez's allegations "are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33. Therefore, this case will be dismissed as frivolous. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023); *see also Holland v. City of Gary*, 503 F. Appx. 476, 477–78 (7th Cir. 2013)

(amendment of complaint with fantastic and delusional allegations would be futile); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As previously explained, such is the case here.

Moreover, although Mr. Lopez asks the court to waive his filing fee, the statute "forbids outright forgiveness of the obligation to pay [it]." *See Butler v. Deal*, 794 Fed. Appx. 542, 544 (7th Cir. 2020) (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013)). Mr. Lopez is responsible for the full amount in this case because a prisoner may not bring a civil action in forma pauperis if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Lopez has accumulated at least five prior strikes:

(1) *Lopez v. St. Joseph County Jail*, 3:19-CV-434 (N.D. Ind. filed 6/5/2019), dismissed August 13, 2019, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim for which relief could be granted

(2) *Lopez v. Veterans Affairs*, 3:19-CV-506 (N.D. Ind. filed 7/1/2019), dismissed January 9, 2020, pursuant to 28 U.S.C. § 1915A for filing a frivolous lawsuit;

(3) *Lopez v. Micheal Rogers*, 3:20-CV-039 (N.D. Ind. filed 1/10/2020), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(4) *Lopez v. Aramark*, 3:20-CV-040 (N.D. Ind. filed 1/10/2020), dismissed April 30, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and

(5) *Lopez v. The People*, 3:20-CV-041 (N.D. Ind. filed 1/10/2020), dismissed January 16, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, nothing in Mr. Lopez's frivolous complaint plausibly suggests he is facing a genuine emergency or is in imminent danger of serious physical injury, so he may not proceed *in forma pauperis* and must pay the full filing fee.

For these reasons, the court:

(1) DISMISSES this case WITH PREJUDICE pursuant to 28 U.S.C. § 1915A because the complaint is frivolous;

(2) DENIES Rodolfo Antonio Lopez, Jr., leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g);

(3) ORDERS the plaintiff, **Rodolfo Antonio Lopez, Jr., IDOC # 251416**, **St. Joseph County Jail # 319150** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$405.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds; and

(5) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

January 24, 2025                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court